IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RUBIN CRAIN IV | § | |
| v. | § | CIVIL ACTION NO. 6:16cv912 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Rubin Crain, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court referred the matter to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Crain stated that he was convicted of the disciplinary offense of threatening to escape on April 19, 2016, receiving punishments of 45 days of cell and commissary restrictions, reduction in classification status from State Approved Trusty IV to Line Class II, and the loss of 180 days of good time credits. Crain acknowledged in his petition that he is not eligible for release on mandatory supervision.

In his amended and supplement petitions, Crain complained that the charges were falsified, he suffers from mental illness, the punishment was excessive, his grievance should have been processed as an emergency but was not, he has been the victim of deliberate indifference to his mental health needs, although he has been participating in a mental health therapeutic diversion program for several months, and he was denied an impartial parole hearing.

1

## II. The Report of the Magistrate Judge

On February 21, 2017, the Magistrate Judge issued a Report recommending that Crain's petition be dismissed. The Magistrate Judge observed that under Supreme Court precedent, States may create liberty interests which are protected by the Due Process Clause, but these interests are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give protection by the Due Process Clause of its own force, nonetheless impose atypical and significant upon the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Under *Sandin*, the operative interest involved is the nature of the deprivation. The Magistrate Judge determined that the punishments of 45 days of cell and commissary restrictions and reduction in classification status did not implicate any protected liberty interests. While the loss of 180 days of good time credits could implicate a liberty interest if Crain were eligible for mandatory supervision, Crain conceded in his petition that he was not eligible for release on mandatory supervision. Thus, the Magistrate Judge stated that the loss of good time credits only affected Crain's possible release on parole, and there is no liberty interest in parole in the State of Texas. To the extent Crain complained of placement in administrative segregation, the Magistrate Judge stated that placement in segregation ordinarily does not implicate a liberty interest and Crain had not shown any extraordinary circumstances rendering his placement in segregation an atypical or significant hardship in relation to the ordinary incidents of prison life. Because Crain did not show that the punishments imposed in the disciplinary case complained of implicated any protected liberty interests, the Magistrate Judge determined that his habeas corpus petition was without merit.

Crain also appeared to raise non-habeas claims, including allegations that he is being denied proper medical and mental health care and that he was the victim of some type of retaliation. Because these claims do not implicate the fact or legality of Crain's detention and thus are not properly adjudicated in a habeas corpus proceeding, the Magistrate Judge recommended that these claims be severed into a separate civil rights lawsuit and allowed to proceed under 42 U.S.C. §1983.

*Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987); *Yarborough v. Director, TDCJ*, civil action no. 6:14cv754, 2014 U.S. Dist. LEXIS 173378, 2014 WL 7205224 (E.D.Tex., December 15, 2014).

**III. Crain's Objections to the Report**

In his objections, Crain asserts that transfer to a mental health therapeutic diversion program implicates a protected liberty interest in the same manner as a transfer to a mental hospital. He goes on to complains that denial of medical and mental health care also implicates a protected liberty interest. However, Crain does not allege, much less show, that he was transferred to a mental health program or denied medical or mental health treatment as a punishment from the disciplinary case forming the basis of his petition. Complaints about medical care are not proper in a habeas corpus petition and Crain may assert these claims in the §1983 lawsuit being severed out of this petition.

Despite having stated in his petition that he was not eligible for release on mandatory supervision, Crain next appears to allege that he is eligible for such release, citing to *Crain v. Director, TDCJ*, civil action no. 6:16cv1150 (E.D. Tex.). However, the records in that case show Crain is not eligible for mandatory supervision (docket no. 19-4, pp. 2-3). In addition, a letter to Crain entitled "Texas Board of Pardons and Paroles - Institutional Parole Information Response," attached by Crain to his petition in *Crain v. Director, TDCJ*, civil action no. 6:16cv16 (E.D.Tex.), (docket no. 2, p. 18), informs Crain as follows: "You will not be reviewed for mandatory supervision because of your prior robbery by threats. This has made you non-MS. Will see Parole 02/2016." Crain plainly is not eligible for mandatory supervision. This objection is without merit.

Third, Crain voices no objection to proceeding with his non-habeas claims in a separate civil rights lawsuit and asks that the Clerk provide him with an application for leave to proceed *in forma pauperis*. The Magistrate Judge correctly determined that these claims should be severed out and proceed separately.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 21) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Rubin Crain is **DENIED** a certificate of appealability *sua sponte*. It is further

**ORDERED** that the Petitioner's claims concerning denial of medical and mental health care and retaliation are **SEVERED** into a separate lawsuit, to be assigned a new case number and filed under 42 U.S.C. §1983 as a prisoner civil rights lawsuit (code 550). The Clerk shall send to the Petitioner Rubin Crain a standard §1983 lawsuit form and application for leave to proceed *in forma pauperis*, and Crain shall have 30 days from the date he receives these forms in which to file an amended complaint specifically raising the claims he intends to present in his lawsuit and to pay the $400 filing fee or seek leave to proceed *in forma pauperis* by filing the *in forma pauperis* application together with a certified inmate trust account data sheet. Should he not comply with this order or show good cause for the failure to do so, the §1983 lawsuit may be dismissed for failure to prosecute or to obey an order of the Court. Finally, it is

**ORDERED** that any and all motions which may be pending in the present habeas corpus action are hereby **DENIED.**

**So Ordered and Signed**
**Mar 10, 2017**

_____
Ron Clark, United States District Judge